Filed 9/21/20  P. v. Medina CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>RUFINO MEDINA,<br><br>    Defendant and Appellant. | B305355<br><br>(Los Angeles County<br>Super. Ct. No. PA092742) |

APPEAL from an order of the Superior Court of Los Angeles County, Michael Terrell, Judge.  Affirmed.

Garen Nazarian, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\* \* \* \* \* \* \* \* \* \*

In August 2019, defendant Rufino Medina entered a plea of no contest to one count of stalking (Pen. Code, § 646.9, subd. (a)). The trial court sentenced defendant to three years in prison, but suspended execution of the sentence. Defendant was placed on formal probation for a period of five years. He was ordered to serve 12 days in jail, among other conditions of probation, including restitution, community service, and domestic violence classes. The court entered a protective order requiring defendant to stay 100 yards away from the victim, and to have no contact with her. He was ordered to obey all laws and orders of the court.

On December 24, 2019, the People filed a motion seeking revocation of defendant's probation, arguing defendant had violated Penal Code section 166, subdivision (a)(1).

A contested probation violation hearing was held on March 3, 2020. The victim testified that she and defendant had previously dated, and broke up because of his controlling behavior. After they broke up, defendant made numerous threats, vandalized her car, and showed up at her home and work. On October 2, 2019, she saw defendant in front of her house. He gestured at her with his finger, and laughed. As she drove away, he followed her, so she went to the police station to make a report. She saw him again on November 1, 2019, as she was taking her daughter to school. He laughed and came within 33 feet of her.

Several defense witnesses testified that defendant was likely elsewhere during the alleged violations, or that the victim made reports inconsistent with her court testimony.

The court found defendant was in violation of his probation for failing to obey all laws, and for violating the criminal protective order, and executed the previously suspended sentence.  Defendant timely appealed.

We appointed appellate counsel to represent defendant. Appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) in which no issues were raised.  The brief included a declaration from counsel that he reviewed the record and sent a letter to defendant explaining his evaluation of the record.  Counsel further declared that he advised defendant of the right, under *Wende*, to submit a supplemental brief. Defendant did not file any supplemental brief with this court.

We have examined the entire record, consisting of one volume of clerk's transcript and one volume of reporter's transcript, and are satisfied that appointed counsel fully complied with his responsibilities and that no arguable appellate issues exist.  (*People v. Kelly* (2006) 40 Cal.4th 106; *Wende*, *supra*, 25 Cal.3d 436.)

## DISPOSITION

The order is affirmed.


GRIMES, J.


WE CONCUR:

BIGELOW, P. J.



STRATTON, J.


3